**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| RUNNING WOLF ANTHONY LYNCH,<br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO,<br>*Commissioner of Social Security*,<br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | NO. 4:25-CV-01610<br><br><br><br>(CAMONI, M.J.) |

**MEMORANDUM OPINION**

Plaintiff Running Wolf Anthony Lynch brought this action under 42 U.S.C. § 1383(c)(3), seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability under Title II and XVI of the Social Security Act. Transcript, doc. 10-2 at 32. He challenges the Administrative Law Judge's (ALJ) assessment of the residual functional capacity. *See* Pl.'s Br., doc. 11 at 1. Because the ALJ's determinations are supported by substantial evidence, the Court will affirm the decision of the Commissioner.

## I. BACKGROUND

### A. Procedural History

On April 6, 2022, Lynch applied for disability benefits under Title II and XVI of the Social Security Act, alleging onset of disability

beginning March 9, 2023. Doc. 10-3 at 12, 23. Following an initial denial, Lynch submitted an appeal, requesting a hearing before an ALJ. Doc. 10-4 at 22. The ALJ conducted the hearing and determined that Lynch was not disabled. Doc. 10-2 at 32.

Lynch filed a request for review of the ALJ's decision, which the Appeals Council denied. *Id.* at 2. The ALJ's decision, therefore, became the final decision of the Commissioner. 42 U.S.C. § 405(g). Pending before this Court is Lynch's action seeking judicial review of the Commissioner's decision. Complaint, doc. 1. This case is fully briefed (docs. 11, 13-14) and ripe for resolution. The parties consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, including entry of final judgment. Doc. 7.

**B. The Disability Determination Process**

To determine whether a claimant is disabled under the Social Security Act, an ALJ applies a "five-step sequential evaluation process." 20 C.F.R. § 404.1520(a)(4). The ALJ assesses whether the claimant:

1. has engaged in substantial gainful activity since the onset of the alleged disability;
2. had a severe medically determinable impairment;

3. suffered from an impairment listed in the regulations as presumptively disabling;

4. could return to his past work; and

5. could perform other available work in the national economy.

*See* § 404.1520(a)(4)(i)–(v).

Between steps three and four, the ALJ also determines whether the claimant's RFC allows the claimant to continue his previous employment. § 404.1520(a)(4)(iv). RFC "is the most [a claimant] can still do despite" impairments. § 404.1545(a)(1). The claimant bears the burden of persuasion through step four, while at step five, the burden shifts to the Secretary to show that the claimant can perform substantial gainful employment other than the claimant's past relevant work. *Williams v. Sullivan*, 970 F.2d 1178, 1181 (3d Cir. 1992), citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

**C. Issues on Appeal**

After following the five-step sequential analysis, the ALJ determined that Lynch "has not been under a disability . . . from March 9, 2023, through the date of this decision." Doc. 10-2 at 32. The ALJ determined at the RFC stage that Lynch has the ability:

> to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except he can frequently balance, stoop, kneel, crouch, crawl, and climb ramps or stairs, but never climb ladders, ropes, or scaffolds. He is limited to frequent work at unprotected heights and with moving mechanical parts. He is limited to frequent exposure to dusts, odors, fumes, gases, and poor ventilation, extreme cold and heat. Noise levels are limited to loud and lighting must be limited to no more than daylight or standard levels of office lighting. He is able to perform simple work, but not at a production rate pace (e.g. assembly line work).

*Id.* at 24. The ALJ denied Lynch's disability claim at step five, after considering his "age, education, work experience, and residual functional capacity," because he found that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." *Id.* at 32.

On appeal, Lynch argues that the ALJ erred because: (1) the ALJ did not provide a logical bridge between the evidence and the RFC limitations; and (2) the ALJ's RFC finding does not account for all of Lynch's limitations. Doc. 11 at 1. The Court, adhering to the deferential standard of review outlined below, will affirm the decision of the Commissioner.

## II. LEGAL STANDARD

In reviewing the Commissioner's final decision denying a claimant's application for benefits, the Court is limited to determining whether the findings of the final decision-maker are supported by substantial evidence in the record. *See* 42 U.S.C. § 1383(c)(3) (incorporating 42 U.S.C. § 405(g) by reference); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F. Supp. 2d 533, 536 (M.D. Pa. 2012). Under the substantial-evidence standard, a court examines an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019). Substantial evidence does not mean a large or considerable amount of evidence, but rather "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 103; *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Substantial evidence is less than a preponderance of the evidence but more than a mere scintilla. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A single piece of evidence is not substantial evidence if the ALJ ignores countervailing evidence or fails to resolve a conflict created by the evidence. *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993). In an

adequately developed factual record, however, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence." *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966). "In determining if the Commissioner's decision is supported by substantial evidence the court must scrutinize the record as a whole." *Leslie v. Barnhart*, 304 F. Supp. 2d 623, 627 (M.D. Pa. 2003). In reviewing the record for substantial evidence, "[n]either the district court nor [the Third Circuit] is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder." *Williams*, 970 F.2d at 1182. To reverse the ALJ's findings and decision, the Court "must find that the evidence not only supports [a contrary] conclusion but compels it." *Immigr. & Naturalization Serv. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992).

The question before the Court, therefore, is not whether Lynch is disabled, but whether the Commissioner's finding that Lynch is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *See Arnold v. Colvin*, No. 12-2417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been

held that an ALJ's errors of law denote a lack of substantial evidence."); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The [Commissioner]'s determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues decided by the Commissioner."). In determining that question, the Court must evaluate whether the ALJ's decision meets the burden of articulation necessary to enable judicial review; that is, the ALJ must articulate the reasons for his decision beyond stating bare conclusions. *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000).

## III. ANALYSIS

Lynch argues that the ALJ erred because: (1) the ALJ did not provide a logical bridge between the evidence and the RFC limitations; and (2) the ALJ's RFC finding does not account for all of Lynch's limitations. Doc. 11 at 1. After careful review, the Court finds that the ALJ's decision was supported by substantial evidence and will affirm.

### A. The ALJ properly explained the RFC assessment.

Lynch first argues that the ALJ's RFC limitation is improper because "the ALJ did not explain how the evidence supported his . . . conclusions that Plaintiff could work around loud noises and daylight/standard office levels of lighting." Doc. 11 at 8. Specifically, Lynch argues that the ALJ's RFC limitation is faulty because no medical sources provided an opinion which included these limitations and Lynch's own testimony that he had to avoid even mild light and sounds when he felt a migraine coming "run counter" to the limitations. *See id.*

The ALJ properly assessed and explained Lynch's RFC. First, the ALJ evaluated Lynch's treatment records and found that they do not support his allegations concerning the intensity, persistence, and limiting effects of his symptoms. Doc. 10-2 at 27. Although the ALJ acknowledged that Lynch testified to suffering ten migraines per month (*id.* at 25), the ALJ explained that the treatment records demonstrate that Lynch "has reported improvement in migraines with medication to 1 to 2 episodes per month." *Id.* at 27. Pitted against this objective medical record, Lynch's subjective allegation did not warrant a greater limitation. *See Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999), citing 20 C.F.R.

§ 404. 1529 ("Allegations of pain and other subjective symptoms must be supported by objective medical evidence."). The ALJ, therefore, reasonably concluded that the evidence does not support a greater limitation than those set forth in the RFC.

Second, the ALJ's RFC limitation need not be based on a particular medical opinion. Under the current social security regulations, the ALJ—not the treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 361 (3d Cir. 2011), citing 20 C.F.R. §§ 404.1527(e)(1), 404.1546(c). Further, there is no legal requirement that a physician has made the particular findings that an ALJ adopts in the course of determining an RFC. *Titterington v. Barnhart*, 174 F. App'x 6, 11 (3d Cir. 2006). Contrary to Lynch's argument, the ALJ's RFC assessment does not fail simply because no medical sources provided an opinion which included limitations to the loud noise level and standard lighting. *See* doc. 11 at 8.

Even assuming *arguendo* that the ALJ should have further clarified the noise level and lighting limitations, the ALJ's failure to explain would be harmless error. Social Security appeals are subject to harmless error

analysis. *See Minarsky v. Kijakazi*, 747 F. Supp. 3d 801, 816 (M.D. Pa. 2024), citing *Holloman v. Comm'r Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016). Under the harmless error analysis, remand is warranted only if there is reason to believe that the remand might lead to a different result. *Id*. It is well-settled that "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009). Here, Lynch does not explain what additional restrictions should have been included in the RFC, or how the ALJ's failure to explain would have changed the outcome. *See* doc. 11 at 7-8. Accordingly, Lynch has not met his burden of showing that the ALJ's error was harmful. *See Hicks v. Comm'r of Soc. Sec.*, No. 23-387, 2024 WL 922984, at *10 (M.D. Pa. Mar. 4, 2024) (finding harmless error where a claimant argued that the ALJ had not included restrictions related to his migraines without explaining which additional restrictions should have been included in the RFC).

The ALJ's RFC assessment, therefore, is supported by substantial evidence.

### B. The ALJ's RFC findings are supported by substantial evidence.

Lynch next argues that the ALJ's RFC finding does not account for all of Plaintiff's limitations. Doc. 11 at 8. Specifically, Lynch argues that the ALJ, despite finding Dr. Havel and Dr. Fretz's opinions persuasive, did not include all the limitations from their opinions in the RFC. *Id.* Lynch further contends that the ALJ erred by failing to include Dr. Fretz's limitation to one- to two-step tasks. *Id.* at 10.

"As an initial matter, no rule or regulation compels an ALJ to incorporate into an RFC every finding made by a medical source simply because the ALJ gives the source's opinion as a whole 'significant' weight." *Wilkinson v. Comm'r of Soc. Sec.*, 558 F. App'x 254, 256 (3d Cir. 2014). Likewise, "The ALJ was not required to adopt all of [a medical provider's] opinion solely because she found the opinion as a whole persuasive[.]" *Id.* Instead, the controlling regulations are clear that the RFC finding is a determination expressly reserved to the Commissioner. *Id.*, citing 20 C.F.R. §§ 404.1527(d)(2), 404.1546(c). Here, the ALJ was not required to incorporate every limitation assessed by Dr. Havel and Dr. Fretz.

Even if the ALJ found the doctors' opinions generally persuasive, the ALJ errs only if the ALJ fails to include a limitation in the RFC determination *without* explanation. *See Shipman v. Kizakazi*, No. 22-636, 2023 WL 5599607, at *9 (M.D. Pa. Aug. 29, 2023); *Michelle M. v. Bisignano*, No. 23-2163, 2025 WL 2713737, at *6 (M.D. Pa. Sept. 23, 2025) (collecting cases); *Warren v. Dudek*, No. 24-635, 2025 WL 1168276, at *5 (M.D. Pa. Apr. 22, 2025), citing *Durden*, 191 F. Supp. 3d at 455, ("While an ALJ is not required to accept every limitation set forth in an opinion that is found to be persuasive, the decision must adequately explain the rationale behind the RFC determination.").

Here, the ALJ properly explained his rationale for the RFC assessment, which did not include the mild and moderate limitations that Dr. Havel and Dr. Fretz assessed. At the start of the RFC stage, the ALJ thoroughly reviewed Lynch's mental health treatment records and consistently found that they reflect normal findings. *See* doc. 10-2 at 26 (mental status examinations showed no deficits, claimant was cooperative, normal motor behavior, appropriate eye contact, fluent speech, coherent and goal-directed thought processes, appropriate affect, intact attention and concentration, good insight and judgment, and an

average range of cognitive functioning). The ALJ, therefore, explained that Lynch's "longitudinal treatment notes showed normal mental status findings with no deficits." *Id.* at 27. Contrary to Lynch's argument, the ALJ acknowledged Lynch's mental capacity limitations to assess the RFC. *See id.* at 29 (Dr. Fretz); *id.* at 30 (Dr. Havel). But the ALJ, finding normal mental status findings with no deficits throughout Lynch's medical history, concluded that the "objective findings support no greater limitations than those that have been set forth in the [RFC]." *Id.* at 27.

Finally, Lynch argues that the ALJ failed to articulate good reasons for rejecting the limitations for one- and two-step tasks, and that the failure to include the limitation is not harmless error. *See* doc. 11 at 10. The Court disagrees; the ALJ did not err by limiting Lynch to simple work. *See* doc. 10-2 at 24. Both Dr. Fretz and Dr. Roberts opined that Lynch is limited to following "simple instructions," but not limited to carrying out "very short and simple instructions." *See* doc. 10-3 at 20, 31. Neither did they limit Lynch to "short, simple instructions." *See id.* There is a difference between these terms.

Although a limitation to "short, simple instructions" and "very short and simple instructions" would preclude a claimant's ability to perform

jobs consistent with reasoning level two, the limitation to “simple instructions” adopted by the ALJ here does not. *See Money v. Barnhart*, 91 F. App’x 210, 215 (3d Cir. 2004) (concluding that jobs at reasoning level two do not contradict the mandate that work be simple, routine and repetitive); *Stash v. Bisignano*, No. 24-2, 2026 WL 208347, at *3-4 (M.D. Pa. Jan. 27, 2026) (collecting cases). The ALJ, therefore, did not err in limiting Lynch to simple work. The ALJ’s evaluation of Dr. Fretz and Dr. Havel’s opinions, therefore, is supported by substantial evidence.

On the whole, the ALJ’s decision is supported by substantial evidence, and thus the Court will affirm the decision of the Commissioner.

## IV. CONCLUSION

Accordingly, the Commissioner’s decision will be **AFFIRMED**.

An appropriate order follows.

Date: August 27, 2026

s/*Sean A. Camoni*
Sean A. Camoni
United States Magistrate Judge